CLIFTON D. WOOD, ET AL., Appellees, v. IOWA LEGION OF HONOR, Appellant.

**Mutual insurance:** NON PAYMENT OF ASSESSMENTS: WAIVER. A fraternal insurance association cannot rely on a provision in its certificate, that failure to pay an assessment within the time allowed therefor shall work a suspension of the member, where it was the custom of the local treasurer to note on his book payment of assessments of such member upon receiving a call therefor, and to collect from the member at the time he remitted to the grand lodge, even though the member died before actually paying to the local treasurer the last assessment due from him but which was remitted, in time, with the aggregate sum due the grand lodge for that assessment.

*Appeal from Polk District Court.*— HON. W. H. MCHENRY, Judge.

TUESDAY, JANUARY 8, 1907.

ACTION in equity by plaintiffs as beneficiaries to recover on a certificate of membership issued by the defendant to George D. Wood in his lifetime. There was a decree in favor of plaintiffs, and defendant appeals.— *Affirmed.*

*W. B. Ingersoll* and *Carr, Hewitt, Parker & Wright,* for appellant.

*Ryan, Ryan & Ryan,* for appellees.

BISHOP, J.— The defendant is a fraternal, benevolent insurance association organized under the laws of this State. George D. Wood became a member thereof in December, 1898, by joining a subordinate lodge, known as "Magnetic Lodge," located at Colfax, and received a membership certificate under which his beneficiary named therein would become entitled upon his death to be paid a sum as specified therein. The beneficiary named in the certificate of said Wood was his wife, "Ella F. Wood, if living; if not, to his children, Clifton D. Wood and Hazel D. Wood." Under the laws of the association each member became obligated to pay death benefit assessments from time to time as called for, and in connection therewith it was provided that a failure to pay any such assessment within the time allowed therefor should work a suspension of the member and his beneficiary from all rights under his certificate. Ella F. Wood died in August, 1901, and George D. Wood died in December, 1903. Proper proofs of death were filed with the defendant by plaintiffs, and, payment of the amount claimed to be due under the certificate having been refused, this action was brought.

The defense set up and relied upon is that at the time of the death of said George D. Wood his certificate had lapsed and become void by reason of his suspension from membership for nonpayment of an assessment in an amount called for and within the time allowed by the laws therefor. It appears that for many years one Logsdon had been secretary and treasurer of the local lodge at Colfax, and to him all assessments were paid by the members of the lodge; the aggregate amount thereof being then remitted by him to the proper officer of the grand lodge. George D. Wood conducted a local bank at Colfax, and in this bank Logsdon kept his

account. It is shown by the evidence that, from the time Wood joined the defendant association, it had been the invariable practice of said Logsdon, upon receiving a call for an assessment, to at once make note in his assessment book of the payment thereof by Wood. As a witness he testified that he regarded the payment as having been made on Wood's account by himself. He further testified that on the expiration of the time limit fixed for payment by members he would then go to the bank and procure a draft for the aggregate amount to be remitted to the grand lodge, giving his check to the bank for such amount less the amount of the Wood assessment. The assessment in question was due to be paid November 28, 1903. Before that date, and conforming to his practice, Logsdon had entered the assessment of Wood as paid on his books. When ready to make his report and forward his collections, he went to the bank and then learned of the death of Wood. However, he included the assessment of Wood in his remittance, and the same was received in due time by the proper grand lodge officer. The amount of such assessment was afterwards sought to be returned when the benefit claim under the certificate was rejected.

The situation as thus presented by the record brings the case squarely within the rule of *Trotter v. Grand Lodge,* 132 Iowa, 513. In that case the general subject received an elaborate discussion at the hands of Mr. Justice Weaver, and we need not again go over it.

It follows that the judgment of the trial court should be approved, and accordingly it is *affirmed.*