MARY E. DAVIDSON v. THE TEMPLE OF THE SUPREME TRIBE OF BEN HUR, Appellant.

**Benefit insurance:** COLLECTION OF DUES: AGENCY. The question of
1 agency is determined by the relation of the parties, and one who has authority to act for another in certain matters is an agent notwithstanding an agreement of the parties that the relation shall not exist. Under this rule the local secretary of a mutual insurance company, charged with the duty of collecting dues of local members and remitting the same to the society, is the agent of the society and not of its local members.

**Same:** FORFEITURE: ESTOPPEL: EVIDENCE. Although a beneficial in-
2 surance contract may provide that failure to pay dues at maturity shall work a forfeiture thereof, yet this provision may be waived by the acts of the local agent of the society in collecting and remitting the same, and the society be thus estopped to rely upon the provision as to forfeiture.
Evidence held sufficient to justify a finding of estoppel.

*Appeal from Montgomery District Court.*— HON. N. W. MACY, Judge.

SATURDAY, MARCH 9, 1907.

REHEARING DENIED MONDAY, JUNE 10, 1907.

ACTION on certificate of membership in defendant order stipulating for the payment of indemnity to plaintiff upon the death of her husband. Judgment was entered as prayed. The defendant appeals.— *Affirmed.*

*J. B. Sweet,* for appellant.

*R. Pringle* and *J. M. Junkin,* for appellee.

LADD, J.— The deceased became a member of a local court of the Tribe of Ben Hur January 1, 1901, and died June 26, 1904. The plaintiff, as the beneficiary under two certificates issued to him, is entitled to recover unless these had been allowed to lapse or become suspended prior to his death. The constitution, laws and regulations of defendant exacted the payment of all dues prior to the 25th day of each month without notice, and further that: " A member failing to pay any payment within the time prescribed in the laws of the order, shall forfeit all rights and benefits in the benefit and reserve funds, and shall *ipso facto* stand suspended from beneficial membership in the order, without any action whatever, and all rights under his beneficial certificate shall immediately cease and determine and be absolutely void." And that a " beneficial certificate issued by the Supreme Tribe shall be immediately forfeited, and become void without any action on the part of any officer or officers, committee, or other person or body representing the Supreme Tribe, in either of the following cases [omitting those not involved]: (6) or if the holder thereof or member shall fail to pay any monthly payment, per capita tax or court dues or any money, dues, the fees levied by or due under the laws of the order whether payable to or for the benefit of the Supreme Tribe,

or any subordinate court or order or if the holder thereof or member shall be north of the Sixtieth parallel of North latitude." Another section provided that acceptance of dues by a local officer should not be regarded as a waiver save on conditions designated. So that upon the failure to actually pay the monthly dues on or before the 25th of the month the member is suspended without any action on the part of the officers of the local or of the Supreme Tribe unless prompt payment has been waived. The deceased had not paid the dues for April or May, 1904, though these with the dues for June were tendered to the local scribe June 25th and again later. The only issue submitted to the jury was whether " the acts, declarations, and conduct of the scribe of the defendant's local court or lodge were such as that the decedent, acting as a reasonably prudent man, had the right to believe, and did believe, that the payment of the said sums as dues for the month of April and the month of May, 1904, would not be demanded and enforced against the plaintiff, and his rights under said certificates forfeited or suspended, but would be waived and that he would be permitted thereafter within a reasonable time to make such payments for the said months of April and May and continued in good standing as a member of the defendant order unless otherwise notified by the defendant." Appellant contends that this was error, for that the scribe of the local court was not the agent of defendant, and that even if she were such she did not have the authority under the articles to waive payment of dues as required.

I. Section 106 of the laws of the order provides that " no person other than the Scribe of the local court shall have any power or authority to receive or receipt for monthly payments." Section 140 thereof defines the duties of such officer which are to keep minutes of the proceedings of the local court, draw orders on the keeper of tribute, conduct the correspondence, and have charge of the record of such court, to have charge

1. BENEFIT INSURANCE: collection of dues: agency.

of all financial documents and read communications, bills, etc., and notify candidates for membership of their election or rejection, "to forward to the Supreme Scribe the medical examinations and applications for beneficial certificates together with the fees due the Supreme Tribe in accordance with the benefit list. He shall collect monthly all moneys due the Supreme Tribe from members of his court, giving a receipt therefor, whether for dues, monthly payments to pay the benefit or other funds, per capita tax, or other tax due the Supreme Tribe, or his local court, keeping a correct account with each and every member, and must promptly remit all such money due to the Supreme Tribe, with a full and accurate report of the same, which report must be attested by the chief of the court, and forward to the Supreme Scribe with draft or money order for the amounts shown in the report, not later than the 28th of the month for which said report was made as prescribed in the constitution and laws of the Supreme Tribe." The scribe is also to pay the keeper of tribute all moneys belonging to the local court, and attend the meetings of the auditing committee, and furnish written statements of the financial condition of the court. He is also required to make semiannual reports to the Supreme Tribe with remittance of per capita tax and to give bond to the local court in some reliable surety company. Also to forward all appeals to the Supreme Chief, and to deliver to his successor all property belonging to the local court.

It will thus be seen that while the scribe performs certain duties in the local court others are exacted in behalf of the Supreme Tribe. The monthly payments are collected for transmission to it alone. The scribe of the local court only may receive these payments, and has sole authority to remit the same. The local court had no right to them, and had no control whatever over the scribe in the matter of their collection or remittance. Under these circumstances it is clear that she was acting as the agent of the Supreme Tribe in col-

lecting the dues which were to be transmitted to it. The mere fact that she was elected by the local court was not controlling for this was simply a mode of selecting the agent of the Supreme Tribe to look after its business transactions locally. Nor is it important that the articles declare that she should be deemed the agent of the members of the local court. Whether a person is an agent of another or of an association must be determined by their relations one to another, and, if one is actually authorized to act for another in certain matters as agent, the mere fact that it has been agreed that the relationship of agency shall not exist does not obviate the fact of such agency. *Trotter v. Grand Lodge,* 132 Iowa, 513.

II. Had the local scribe, as agent of defendant to collect and receive the dues of the Supreme Tribe, the power to waive the consequences of omission to make payment as required? The constitution, laws, and regulations do not deny such authority save as this may be inferred from declaring that suspension shall follow from failure to pay when due. Notwithstanding similar conditions courts have repeatedly held that the acts of the agents may be such as will estop the company or association from taking advantage of a forfeiture. The authorities were reviewed in the recent case of *Trotter v. Grand Lodge,* 132 Iowa, 513. In that case there was no evidence that the defendant or its officers were aware of the leniency of the local secretary in receiving payments after the time fixed for suspension and prior to the last payment of dues remittances to the Grand Lodge were timely. It was there said: " If then, such company or association itself or by its agent (and it can act only by its agents) adopts a method of business by which premiums or assessments are habitually collected and received for a period of several days after they become delinquent according to the strict letter of the contract, and no forfeiture or suspension is declared thereon, but such members are recognized as being at all times in good standing, and by this

2. SAME:
forfeiture:
estoppel:
evidence.

course of business members have reason fairly to conclude that the insurer does not insist upon literal compliance with the terms of the contract in this respect; then it will not be heard to deny the good standing of a member who has depended upon the custom observed by the agent, and has paid or offered to pay his assessments in accordance therewith." See, also, *Dunn v. National Life Ins. Co.,* 69 N. H. 224 (39 Atl. 1075); *United States Life Ins. Co. v. Lesser,* 126 Ala. 568 (28 South. 646; 1 May, Ins., section 134. In *Modern Woodmen v. Tevis,* 117 Fed. 369 (54 C. C. A. 293), relied on by appellant, a different conclusion was reached but in pursuance of what the Circuit Court of Appeals deemed to be its duty in following the decision by the Supreme Court of the United States. See *Northern Assurance Co. v. Grand View Bld. Ass'n,* 183 U. S. 308 (22 Sup. Ct. 133, 46 L. Ed. 213). This court has declined to be swayed from its former rulings by that decision and adheres to the rule long established in this State which is in harmony with the views of the Circuit Court of Appeals expressed on the first hearing of that case found in 111 Fed. 113 (49 C. C. A. 256). *Chrismore v. Anchor Ins. Co.,* 131 Iowa, 180. The rules of defendant merely provided that waiver by receiving payment of dues should not be deemed a waiver save upon the knowledge of the cause by the Supreme Scribe. But delinquency in payment of dues might occur in other ways, as through the conduct of the collecting agent of the Supreme Tribe, which has misled the insured into the belief that no advantage will be taken of his failure to pay the dues or assessments promptly, and in this respect *Trotter's* case is authority that the association may be estopped by his acts from setting up a forfeiture by way of defense.

The evidence in behalf of plaintiff tended to show that the local scribe had assured the deceased in the fall previous to his death, when informed by him that he had called to pay, that he need not worry for she would let him know before anything was done in the way of default or suspension; that

the dues for October and November, 1903, had been paid in January following, and those of January and February in March, receipts being produced so showing; that on May 25th, 1904, she telephoned plaintiff inquiring if she and her husband wished to keep their dues paid up, and when assured that they did and she would send the money at once, replied that " there was no hurry, that is all we wanted to know " and that if she wanted to keep them up " payment might be made at any time it was convenient." And on June 25th dues for the three months preceding were received by the local scribe and subsequently tendered back. The local scribe denied having had these conversations, and explained the receipts by saying the local court paid the dues of deceased for two months while he was sick; testified that she had noted him as suspended in her report to the chief scribe dated April 27, 1904; that her records indicated such suspension a day later, and that announcement thereof was made to the local court May 13th following. Timely remittance had been made to the chief scribe of the order each month until April, and he was unaware of the indulgence extended to deceased. Whether payments had been made and the conversations occurred, as claimed by plaintiff, was for the jury to determine. Assuming that they did, and that dues had been received with those payable a month later on two different occasions, the jury might well have found that the insured was lulled into security by what this agent said and did, and that, owing thereto the defendant ought not to be permitted to avail itself of the forfeiture clause. True the officers of the Supreme Tribe had no actual knowledge of what the local scribe had done, but they were charged with notice of what she did within the scope of her duties, and therefore cannot urge that the doctrine of waiver ought not to be applied.

The case is ruled by the decision in *Trotter v. Grand Lodge, supra,* and the judgment is *affirmed.*