WILLIAM BRICKER, Appellant, v. GREAT WESTERN ACCIDENT
ASSOCIATION, Appellee.

Insurance: DELAY IN PAYING ASSESSMENTS: FORFEITURE: WAIVER: EVI-
DENCE. The provisions of a contract may be waived by the party
for whose benefit they are made. Thus a mutual insurance com-
pany may, by the acts and conduct of its officers, waive a provision
in its policy for forfeiture or suspension of a member for failure
to pay assessments strictly at the time provided in the policy.
Under the evidence in the case the question of whether the defend-
ant association, by a uniform course of conduct in receiving as-
sessments after the date they were due, waived the right to insist
upon a forfeiture of the policy for failure to promptly pay an
assessment, was for the jury to determine.

*Appeal from Mahaska District Court.*—HON. K. E. WILL-
COCKSON, Judge.

THURSDAY, APRIL 10, 1913.

ACTION to recover on a policy of insurance against acci-
dent. At conclusion of testimony the court directed a verdict
for the defendant; and, judgment being entered on this ver-
dict, plaintiff appeals.—*Reversed.*

*Dan Davis* and *McCoy & McCoy*, for appellant.

*Burrell & Devitt*, and *Carr, Carr & Evans*, for appellee.

GAYNOR, J.—Defendant is an association organized under
and by virtue of the laws of this state for the purpose of
indemnifying its members against loss by accident or sick-
ness. That on or about the 21st day of May, 1909, the plain-
tiff became a member of the defendant association, and re-
ceived a certificate of membership, and it is provided in said

certificate that the association will indemnify plaintiff for loss suffered on account of bodily injury suffered directly through external violence and purely accidental means. That the certificate was granted in consideration of the agreement on the part of plaintiff to pay an annual call of $12 in monthly installments of $1 each, said monthly installments to be due and payable, according to the terms of the policy, on or before noon of the 1st day of each month in advance, and by the terms of the policy it was agreed that the insurance, therein provided for, should continue and be in force only so long as the call or installments are paid according to the terms of the policy. That on the 11th day of May, 1911, plaintiff received an injury to his back and kidneys, which he claims resulted directly from external violence and purely accidental means. It appears that plaintiff had paid all the monthly installments called for by his certificate of membership, except that due on May 1, 1911, and that this call was not paid until about the 17th day of May, 1911. Defendant claims that there is no liability on its part to the plaintiff for the injury sustained, for the reason that by the terms of the certificate of membership his policy was not in force on the date on which he received the injury.

The plaintiff, to avoid the effect of this plea, in an amendment to his petition and in reply to the answer, alleges:

That the defendant, through its agents and officers, had repeatedly received assessments and installments of assessments from the plaintiff and others from one to ten days and more after the same had become due under the terms of the certificate, and had never exercised its right to forfeiture, and had never suspended a member for failure to pay the dues on the 1st day of each month, but in each and every instance the defendant company accepted dues after the 1st day of the month, and by said acts led this plaintiff to believe and assume that they would not forfeit the certificate for failure to make payment promptly on the 1st day of each and every month, and that the plaintiff herein relied upon said acts of the defendant. . . . Plaintiff further says that the agents

and officers of the company had told him prior to this accident and prior to the 1st day of May, 1911, that it was not necessary to pay said installments on the 1st of each month, as provided in the certificate, and that the plaintiff relied thereon. . . . That it was the general custom of the defendant to receive installments of assessments after the 1st day of each month; that the defendant had adopted this course of business, and in this particular instance plaintiff's failure to make the payment promptly at the time fixed in the policy was due to the fact that he relied upon the custom or course of business adopted by the defendant in making and receiving installments, and believed that there would be no forfeiture of his policy for failure to pay promptly on the date fixed, but that the defendant association would accept the same, as it had repeatedly done before, after the date fixed. . . . The plaintiff further says that on the 15th day of May, 1911, the defendant wrote the plaintiff, requesting him to forward the sum of $1 to cover the installment due May 1, 1911, and that the plaintiff complied with that request, forwarding the amount on or about the 16th day of May, 1911. That the defendant accepted the sum so sent and receipted the plaintiff therefor, and the plaintiff says by reason of the facts aforesaid the defendant has waived the strict provisions of its certificate in relation to prompt payment and is now estopped to claim that the certificate was suspended or forfeited and estopped to claim that they are not liable thereunder in this suit.

Such are the issues under which this case was tried. At the conclusion of plaintiff's testimony, the court, on motion of the defendant, directed a verdict for the defendant, which was duly returned and judgment entered thereon, and from this action of the court the case comes on appeal.

There is but one question in his case for determination: (1) Did the evidence of the plaintiff sustain his contention that the defendant, by uniform course of conduct touching the receipt of these monthly installments, lead the plaintiff, acting in good faith, to believe that it did not insist upon a strict performance, and thereby waived its right to now insist that a failure to pay the installments strictly on the date stated in the certificate suspended and forfeited all plaintiff's

rights under the certificate? The ultimate question to be determined under this record is: Does the evidence show such a course of conduct on the part of the defendant company touching the payment and receipt of these monthly installments that it can be held as a matter of law to have waived its right to the strict performance of the conditions of the certificate in respect to this matter, and is it now by its conduct estopped from asserting to the contrary, or is there sufficient evidence in the record and before the court at the time of the ruling on defendant's motion to require the court to submit the question of waiver to the jury?

That a party may waive any provision of a contract made for his benefit is too long and well established to be now open to controversy. That an insurance association, such as this, can waive a provision of its contract of insurance, providing for a forfeiture or suspension of the policy for failure to make payments strictly at the time and on the terms provided in the policy, has also been held. See *Mayer v. Mutual Life,* 38 Iowa, 304; *Loughridge v. L. & E. Ass'n,* 84 Iowa, 141; *Bailey v. Mutual Benefit Ass'n,* 71 Iowa, 689; *Moore v. Order Railway Conductors,* 90 Iowa, 730; *Davidson v. Tribe of Ben Hur,* 135 Iowa, 88; *Trotter v. Grand Lodge,* 132 Iowa, 513; *Insurance Co. v. Unsell,* 144 U. S. 439 (12 Sup. Ct. 671, 36 L. Ed. 496); *Leland v. Modern Samaritans,* 111 Minn. 207 (126 N. W. 728). That this waiver may be shown by the acts and conduct of the officers of the association is well settled by many adjudicated cases. See *Richwine v. Aid Ass'n,* 76 Minn. 417 (79 N. W. 504); *M. W. A. v. Colman,* 68 Neb. 660 (94 N. W. 814, 96 N. W. 154); *Trotter v. Grand Lodge,* 132 Iowa, 513; *Sweetser v. Mutual Aid Ass'n,* 117 Ind. 97 (19 N. E. 722); *Wallace v. Fraternal Circle,* 121 Mich. 263 (80 N. W. 6). Where the acts and conduct of the insurer have been such as to indicate a purpose and intent not to insist upon a strict performance of the terms of the certificate touching the times of payment of installments, and where it appears that, without objection and without com-

plaint, the company has permitted its members to pay installments due upon the contract after the time fixed in the contract for payment, and has accepted the same without claiming forfeiture or right to forfeiture, and where one, in reliance upon this custom, fails to make his payments strictly and at the times provided in the contract, it has been held that after loss the association is estopped to claim that which by its conduct it had so manifestly denied. When by its conduct it says to its members, "We do not and will not insist on forfeiture or suspension for failure to pay as required by the strict terms of the certificate," it cannot, after loss, so change its attitude to the prejudice of the members.

The provisions in the policy relied upon by the defendant to defeat recovery are as follows:

This insurance shall continue in force only so long as the calls or any installment thereof are paid, on or before noon, central standard time, of the first day of each month in advance, without notice, to this association, at its home office in Des Moines, Iowa, and if the same or any installment thereof be not paid before noon, central standard time, of the day it becomes due, all insurance hereunder will then cease to be in force.

The acceptance of any past due or delinquent call or any installment thereof is optional with the association, and shall not in any case be a waiver of the forfeiture of this policy, but shall be construed and have the same effect as if a new application, in the same terms as the last preceding one, were then made and a new policy subject to the warranties and agreements of such new application, issued at twelve o'clock noon, central standard time, on the day of such acceptance.

A strict compliance with these conditions and all conditions and provisions of the articles of incorporation and by-laws of this association, and of this contract, is a condition precedent to the issuance thereof and during the continuance of this contract. No waiver shall be claimed by reason of the acts of any person unless specially authorized in writing over the signature of the president or secretary of this association.

Conceding that by the terms of the contract of insurance

an obligation rested on the plaintiff to pay his installments promptly and strictly on the date fixed by the contract, conceding that all rights under the contract may be denied by the company for failure to so do, conceding further that the plaintiff failed to perform the conditions of the contract as to payment, and that without further notice the company would be justified in resisting any claim made by the plaintiff for benefits under the contract by reason of such breach, yet the right of the company to so insist may be waived by expressed words of waiver or by such a course of conduct in respect to the matter of payment as led the plaintiff, as a reasonably prudent and cautious man, to think that he could make the payments after the date fixed as well as on the date fixed.

The question here is whether a prudent man had a right to believe that, so far as the company was concerned, it was immaterial to it whether he paid on the day upon which the installments became due, or later, providing he paid it within a reasonable time. The question is, Was there such a course of conduct in the business dealings between the plaintiff and the defendant, in respect to this certificate, and the time of payment, as justified the plaintiff in the belief that the company was willing to take the payments at a date later, and would not forfeit the contract for a failure to pay on the date fixed; or, in other words, had the plaintiff a right to believe from the course of conduct between the parties that the plaintiff would not claim a forfeiture of the contract or right under the contract because of a failure to pay strictly and upon the terms of the contract? There was evidence introduced on the part of the plaintiff tending to show that on several occasions he had been permitted by the company to pay his installments on a date later than that fixed by the contract; that the same was accepted by the company without question or objection. It appears further from the evidence of the plaintiff that this particular assessment, in question, was not paid on the 1st day of May. It appears that

later, and on or about the 15th day of May, defendant wrote the plaintiff the following letter:

Great Western Accident Association, H. B. Hawiey, President. Des Moines, Iowa, 5/15/11. Mr. Wm. Bricker, Albia, Iowa—Dear Sir: Upon referring to your record of membership we find that you have not been given credit for this month's installment. Not knowing the cause of this delay, we are writing you so that if you have paid your assessment to a collector, we can be informed so that record can be duly made, or if you have allowed your certificate to become lapsed through a misunderstanding of date on which payment was due, or for some other cause, correction can be promptly made. We dislike to lose even one good member by suspension and sincerely trust that you will give this matter your prompt attention by answering the above suppositions. Yours very truly, [Signed] E. L. Bridges, Auditor.

From which it appears that the company itself did not consider that the certificate and the plaintiff's rights under the certificate were then forfeited. In appears that subsequently, and on or about the 16th day of May, the plaintiff remitted to the company, and the company receipted to him for the payment thus due. It is true that the company did not then know of the plaintiff's claim in this suit, but we do not deem this material in this case; for, if the policy were alive by reason of the fact that the plaintiff had waived the conditions of forfeiture (which it had a right to insist upon), the fact that the plaintiff received an injury, for which the company would be liable in the event he had paid strictly and on the terms of the contract, would not justify a forfeiture of the contract thereafter. That is, if the defendant insisted upon and received after the 1st of May that installment then due, and receipted to the plaintiff therefor, as it appears in this case it did, this would at least indicate that the company considered the policy in force at the time of the request and payment.

In the case of *Hartford Life Insurance Company v.*

*Unsell, supra,* a case very similar to this in its facts, Judge Harlan approved the following instruction:

The plaintiff claims the company was acting, was conducting itself, in its dealings with the assured so that he, acting as a prudent, reasonable man, had the right to believe, and did believe, that payment on the very day specified would not be insisted upon. Although there be no spoken word, no written word, declaring a waiver, yet it may be that the company, by its conduct, its course of dealing, justly and fairly led the other to believe that it did not care about a strict compliance; that while the contract reads, 'Payment must be made' on specified dates, yet the company did not insist on such payment when her husband was alive, and accepted the dues from him after the time specified and permitted the policy to continue in force. That it did so, until he had a right as a reasonable man to believe, and did in fact believe, that that was to be the rule. I do not think any particular number of instances, one or more, can be said as a matter of law to make or not to make a waiver. It is a question for the jury as reasonable men to consider from the evidence what the company intended and what its conduct would lead a reasonable man to believe in reference to it. Now the question comes up in respect to this controversy, Was there such a continuance of business? Was the whole course of business from the commencement to the close such that from this and that, and from all the receipts and all the transactions, he had a right to believe, and did believe, that the question of health even would not be considered, and that it would be willing to take his money either after the date fixed in the policy as well as before? If so, that makes a waiver. If the company by its conduct led him as a reasonable and prudent man to believe that he could make payment a few days after, as well as before, it cannot turn around now, as a loss has occurred, and say, 'You did not make the payment in time.' I cannot say to you as a matter of law that one receipt after the time specified would make a waiver, or that fifty would. It is not in numbers. It is a question for you to determine from all the evidence introduced, the whole course of business, whether a prudent man had a right to believe that it was immaterial whether he paid on the day or a few days after. It must have been such a course of conduct as would lead a reasonably prudent

man to believe that the company would not insist upon strict performance.

And Judge Harlan in this opinion says: "Any agreement, declaration, or course of action on the part of the insurance company which leads the party insured to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due confirmation on his part, will and ought to estop the company from insisting upon the forfeiture, although such forfeiture might otherwise be claimed under the express letter of the contract." And in this case the further language is approved: "Courts do not favor forfeitures, but they cannot avoid enforcing them when the party by whose default they are incurred cannot show some good and stable grounds in the conduct of the other party on which to base a reasonable excuse for his default." In summing up, Judge Harlan said: "The charge was in entire consonance with the settled doctrines of this court. The only grounds for serious doubt in respect to this case is whether the evidence was sufficient, in any view, to sustain the theory that the defendant had by its course of business with the assured led him to believe, and that he, in good faith believed, that the company waived, as to him, a strict performance of the conditions as to payment of dues." It appears that in this *Hartford* case the defendant did not ask for peremptory instructions to the jury, but conceded that the same might go to the jury, and asked that instructions be given to the jury on the theory that it was a case for the jury. See, also, the case of *Mutual Reserve Fund v. Beatty*, 93 Fed. 757 (35 C. C. A. 573).

It is contended, however, by appellee that under the terms of the policy the receipt of payment after the time fixed in the certificate for payment did not waive any of the provisions of the policy, for the policy itself so declared; that the statement on the back of the receipt issued was sufficient to notify the certificate holder that the defendant did not by

accepting the payment intend to waive the provisions of the policy made in his favor. The policy provides that the acceptance of past dues or delinquent calls is optional with the association, and shall not be a waiver of the forfeiture of the policy, but shall be construed, and have the same effect, as if a new application the same as the last one were made and a new policy issued as of the date of the payment. Now it is apparent, if the company intended to stand upon this construction of its policy, it should not, and would not, have required the assured to pay it for indemnity during a period when it was not holden for any indemnity to the assured. That upon receipt of the plaintiff's payment, acceptance of which was optional with the company, it should have charged him for indemnity from the date of the receipt at the rate of $1 a month, but in all these cases it appears that, no matter when the payment was made, it was accepted by the company as a payment for indemnity from the first day of the month, or from the date on which the payment should have been made by the assured. Instead of treating the payments as made under a new policy issued on the date of the payment upon which the right of indemnity alone could be predicated, defendant in every case receipted for the payment as made upon the old policy, and received it as a payment made, not only for the time to come, but for the past. It appears that many of the receipts were dated back to the first, and in the receipt issued for this last payment they said, the same as in other receipts issued: "We acknowledge receipt of your remittance of $1.00 in payment of the May installment on Policy No. 015536, for which please accept thanks. The next monthly installment will be due on or before June 1, 1911." If they had intended to insist upon a strict construction of their policy, they should have said: "The next installment will be due on May 17, 1911," or after one month from the date on which the payment was made, and the new policy issued. If the defendant could be permitted to put such construction upon its acts as

it now contends for, it could, by its conduct, lead its members to believe that, notwithstanding the payment should be made on the 1st, they would receive and accept it on the 15th, and thereby require the assured to pay them one month's indemnity when he received, in fact, but 15 days indemnity; or if by their conduct they should lead the plaintiff to believe that they would accept it on the last of the month, instead of on the 1st and issue receipt just as they have been issued, then under the terms of the policy, as it now contends, they would receive compensation for indemnity, without being liable for any indemnity at all.

All other questions raised in this case we think are fully determined in the cases of *Trotter v. Grand Lodge,* 132 Iowa, 513, and *Davidson v. Tribe of Ben Hur,* 135 Iowa, 88.

We are satisfied from the record in this case that there is a question for the jury, and that the court erred in sustaining defendant's motion for a directed verdict and in entering judgment against the plaintiff for costs, and the case is therefor *Reversed.*