NELLIE DUNCAN, Appellee, v. GREAT WESTERN ACCIDENT INSURANCE COMPANY, Appellant.

**INSURANCE:** Premiums—Evidence of Waiver of Prompt Payment.
1   An insured may testify, on the issue whether punctuality in payment of premiums had been waived, that he had been informed by the agent of the insurer that the premiums might be paid *after* the contract date.

**TRIAL:** Dragnet Objection to Testimony Good in Part and Bad in Part.
2   A general objection to the receiving of, or a general motion to strike, testimony which is relevant in part and irrelevant in part, is properly overruled.

**INSURANCE:** Waiver of Punctuality in Payment. Evidence held to
3   present a jury question on the issue of waiver in the prompt payment of premiums.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

DECEMBER 13, 1921.

ACTION upon an accident policy for death benefit. Jury waived, and cause tried to the court. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*O. B. Hartley* and *R. M. Haines,* for appellant.

*C. J. Campbell,* for appellee.

STEVENS, J.—The policy in suit was issued in December, 1918, to Harry M. Duncan, husband of plaintiff, who was named as beneficiary, and insured died, as the result of accident, August 19, 1920. The first premium paid at the time the policy was issued was $5.00. This payment kept the policy in force until noon of January 1, 1919, when another payment of $1.50

became due. Like premiums of $1.50 became due on the first day of each succeeding month. All payments were made by the insured to an agent and collector of the insurer. Payments were made to three different collectors. The first several payments were made to Mrs. Ruth Stanton, who, as the agent of the insurer, solicited and received Duncan's application for insurance. The receipts given for the payments made to the agents of insurer were designated "official receipt," and were signed by the agent as "authorized collector." Many of the monthly installments were not paid when due, and a large percentage were paid near the last of the month. The last payment was made late in the July preceding Duncan's death, on August 19th. The defense urged by appellant to plaintiff's cause of action was that the insured was in default at the time of his death, and therefore that the policy was not then in force. Plaintiff, in reply, alleged that payments were repeatedly made by her and received by the company after the first of the month, without objection or protest; that a course of dealing was thereby established which estopped the appellant from setting up or claiming a forfeiture of the policy. A jury was waived, and the case tried to the court, resulting in a finding and judgment in favor of plaintiff for $1,000, the principal sum due under the terms of the policy, and interest. But three alleged errors are assigned by appellant. These will be considered in the order of their assignment.

I. Plaintiff was permitted to testify, over the objection of counsel for appellant, that Ruth Stanton, one of appellant's authorized collectors, informed her that it would make no difference whether the payments were made on the first of the month or not. Mrs. Duncan testified that she generally made the payments for her husband. The admission of this testimony is the first ruling of the court complained of. This evidence bore upon the course of dealing between the company and the insured. Whether Mrs. Stanton was acting within the scope of her agency when she thus informed Mrs. Duncan was a question to be determined from other evidence bearing thereon. Plaintiff could not offer all of her testimony at one time. It might be that subsequent developments during the trial would

1. INSURANCE: premiums: evidence of waiver of prompt payment.

totally destroy the value of this evidence. If so, it was incumbent upon appellant to move that it be stricken from the record. No such motion was made.

II. During the course of the trial, and shortly before the testimony of plaintiff was completed, counsel for appellant interposed a general objection to her testimony relating to de-

**2. TRIAL: dragnet objection to testimony good in part and bad in part.**

ferred payments, upon the grounds that it was not binding on the company, and did not tend to establish a custom or course of dealing between the insured and the company that would amount to a waiver or estoppel. This objection was overruled.

It is suggested by appellant that, while the statement of counsel is, in form, an objection to the admissibility of the testimony of Mrs. Duncan, it was intended, and should be treated, as a motion to strike. It is immaterial whether it be treated as the one or the other. If as the former, it was made just before the examination of the witness was concluded, and after full answers had been made to all questions propounded to the witnesses. It was, in any event, too general in its character, as some of the testimony, at least, of the witness, was clearly admissible. If treated as a motion to strike, it did not specifically designate the answers of the witness which counsel desired to have stricken. The court was not required to go through the record and pick out such answers of the witness as might have been excluded upon proper objection, or stricken upon proper motion.

III. The remaining contention of appellant is that the evidence is insufficient to sustain a judgment for plaintiff. It is not claimed that the company could not, by an established course

**3. INSURANCE: waiver of punctuality in payment.**

of dealing with the insured, waive the provisions of the policy requiring the premiums to be paid strictly on the first day of the month; but that no waiver is shown. Upon this point, see *Goodwin v. Provident S. L. A. Assn.*, 97 Iowa 226; *Fahey v. Ancient Order U. W.*, 187 Iowa 825; *Conkling v. Knights & Ladies*, 183 Iowa 665; *Trotter v. Grand Lodge*, 132 Iowa 513; *Bricker v. Great Western Acc. Assn.*, 161 Iowa 61.

Most of the receipts given on behalf of the company for the monthly payments had been lost or destroyed, and but two

were offered in evidence. One, designated ''Official receipt,'' bears date November 11, 1919; the other, designated ''reinstatement receipt'' bears date April 19, 1920. The former is signed by ''C. I. Long, Authorized Collector;'' and the latter, ''Great Western Accident Insurance Co., G. Hammer, Asst. Cashier.'' Payments made on or before the first of the month are designated in the policy as ''renewal premiums,'' and those made after the first of the month as ''reinstatement policy fees.'' The amount of the monthly payments was the same, whether made before or after the first of the month. The form of the two receipts is somewhat different.

No evidence was offered on behalf of the defendant. The evidence on behalf of plaintiff showed, without conflict, that the monthly payments were kept up by the insured, except that no payment was made during August, 1920. Whether such a course of dealing was shown as might reasonably have led the insured to believe that it was not the purpose or intention of the insurer to insist upon a strict performance of the terms of the policy as to the time of the payment of the monthly renewal premiums, was a question of fact. There was some evidence tending to sustain the claimed waiver. The finding of the court in favor of plaintiff upon this point has the same weight and effect as the finding of a jury. This court does not try *de novo* law actions in which a jury has been waived. There was evidence tending to support plaintiff's plea of waiver, and the finding of the court thereon is conclusive and binding upon this appeal.

It will serve no useful purpose for us to discuss or review the numerous authorities cited by appellant. What has already been said is decisive of the questions presented for review. It follows that the judgment of the court below must be, and is,— *Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.