ETHEL PHILLIPS, Administratrix, Plaintiff, Appellee, v. BROTHER-
HOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT
HANDLERS, EXPRESS AND STATION EMPLOYES,
Defendant, Appellant.

No. 44700.

April 4, 1939.

Kimball, Peterson, Smith & Peterson, for appellee.

Lynn S. Alberti, for appellant.

STIGER, J.—John Phillips, at the time of his death in December 1934, was a member of the defendant brotherhood. The home office of the defendant, an affiliate of the American Federation of Labor, is in Cincinnati. Defendant is referred to in the record as the Grand Lodge, which had subordinate lodges in various parts of the United States. Mr. Phillips, a resident of Council Bluffs, joined the Chas. M. Owens' Lodge Number 1390 of Red Oak, Iowa, in January 1932, which local lodge was a subordinate of the Grand Lodge. The defendant maintained

a "Death Benefit Department" which was governed by rules and regulations and was under the immediate supervision of the secretary-treasurer of the Grand Lodge.

The rules of the department provided that in order to become a member of the department it was necessary that a member of the Grand Lodge file a written application for membership in the death benefit department, and, on becoming a member, he received a certificate which agreed to pay on his death the sum of $300 to the person named as beneficiary. It is conceded that Mr. Phillips, a member of the defendant organization, did not make a special written application for membership to the department and never received a certificate agreeing to pay him $300.

The dues to the Grand Lodge were $1.25 per month payable quarterly. This sum included monthly dues, or premiums, to the death benefit department for insurance in the sum of thirty cents and the monthly dues to the Grand Lodge in the sum of ninety-five cents. A member of the Grand Lodge was required to pay the full monthly dues of $1.25, which included the thirty-cent premium for the insurance, though he was not, technically, a member of the department because of failure to file the application for membership therein. The constitution of the Grand Lodge, of which Mr. Phillips was a member, provided that all members of the brotherhood applying for membership in the death benefit department after October 1, 1931, would be given certificates in the amount of $300, regardless of age or physical disability.

Plaintiff, as administratrix of the estate of decedent, brought this action to recover from defendant the sum of $300 as a death benefit. Defendant sought to avoid payment on the ground that Mr. Phillips was not a member of the death benefit department, and as there was no contractual relation between him and the *department*, there was no liability for death benefits to plaintiff. Plaintiff filed a reply pleading estoppel and waiver. A jury was waived and the cause tried to the court which entered judgment against the defendant for $300 and interest. Defendant appealed.

Not only the lodge dues, but also the insurance dues were payable to the Grand Lodge and not to the department. Defendant required and accepted the premium for death benefits from all members regardless of whether they had made

formal application for membership in the department. No physical examination was required and the record shows that any member of the Grand Lodge was admitted to membership in the department on application. As stated in the constitution of the defendant, "all members of the Brotherhood applying for membership in the Death Benefit Department will be given certificates in the amount of $300, regardless of age or physical disability". It is difficult to understand how defendant could in good faith believe that a member of the Grand Lodge, compelled to pay the insurance premium as a member of the Grand Lodge, holding a membership card in the Brotherhood which entitled him to all the benefits and privileges of the Brotherhood, if all the dues were paid, would not reasonably be of the opinion that he was entitled to the benefits and privileges of the Brotherhood for which he was paying. One of the main benefits and privileges of the Brotherhood is the insurance feature and the department was maintained by the Brotherhood for the benefit of its members. However, this technical and well-concealed defense of failure to apply for membership in the department is available to defendant in the absence of avoidance of the defense by the plaintiff.

A. W. Carlson was secretary of the local lodge at Red Oak, and as such secretary, appointed Dan Sowden of Council Bluffs his assistant secretary whose duty was to collect dues, including death benefit dues, from members of the local lodge residing in Council Bluffs and forward them to Mr. Carlson. Mr. Carlson was the agent of the defendant to collect all dues and forward them to the defendant.

Mr. Phillips became ill in July 1934 and passed away in December 1934. The regulations of the Grand Lodge provided that while a member was ill he was relieved of the regular Grand Lodge dues and was required only to pay as dues, in order to keep in good standing in the lodge and department, the sum of thirty cents a month, which sum was the insurance part of the monthly dues required.

When Mr. Phillips became ill in July, Mrs. Phillips at once went to Mr. Sowden in regard to "keeping up the death benefits" and paid him ninety cents on behalf of Mr. Phillips for the quarter which included July, August and September. Sowden sent this sum of ninety cents to Carlson. Carlson, under the rules of the Grand Lodge, was required during the first

quarter a member was ill to advance the regular dues from the local lodge funds and reimburse the local lodge for the advancement in his next quarterly report to the defendant.

When Carlson received the ninety cents as the insurance premium paid by Phillips to Sowden he sent to the Grand Lodge in the latter part of September the full quarterly dues from Phillips in the sum of $3.75 but for some unexplained reason failed to state in his report that Mr. Phillips was sick and was paying only the premium for death benefits. It was the duty of Carlson, however, to advise the defendant of the facts. Carlson, a witness for the defendant, testified:

"I told Mr. Sowden to collect 90c a quarter. I knew at the time I received 90c a quarter that Mr. Phillips was ill and just paying 90c a quarter for death benefits. It is the secretary's duty to advise the Grand Lodge as to a member of a subordinate lodge who is sick or out of work. I never reported to the Grand Lodge at any time that Mr. Phillips was sick."

Of course, if Mr. Carlson had performed his duty, defendant would have known that Phillips was ill and paying only the dues for insurance benefits. Mr. Carlson, testifying for defendant, said:

"I suppose if I had sent in the 30c to the Grand Lodge just as Mr. Sowden remitted it to me for the months of July, August and September, the Grand Lodge would have known back there and would have had actual notice that Mr. Phillip was just paying his death benefits and they would have sent out an application for him to fill out and sign and then he would be entitled to death benefits. The Grand Lodge would have sent out an application for him to sign, to fill out and sign it, then he would be entitled to death benefits."

Mr. Sowden testified for the plaintiff, without objection, that "all a member would have to do to get the death benefit would be to send in his name and application, no physical examination is required". The constitution of defendant states:

"All members of the Brotherhood applying for membership in the Death Benefit Department after October 1, 1931, will be given certificates in the amount of three hundred ($300.00) dollars, regardless of age or physical disability."

Mr. Phillips, at the time he became a member of the Grand

Lodge in 1932, was given a membership card, good until September 30, 1935, and also received a traveling card which stated as follows:

"This is to certify that the Bearer hereof is a member of Chas. M. Owens Lodge No. 1390 and is entitled to all the benefits and privileges of the Brotherhood, provided proper stamps appear on reverse side indicating dues paid in full."

At the time of Mr. Phillips' death, the traveling card showed that all dues had been paid in advance up to and including December 1934. Phillips paid to Carlson thirty cents a month for insurance dues at the beginning of each month from July 1934 to January 1935 and he was in good standing in the local and Grand Lodge because of such payments at the time of his death.

In collecting the dues, Carlson was the agent of the defendant and not of Mr. Phillips. Payment to Carlson was payment to the Grand Lodge, which was charged with knowledge had by Carlson that Phillips was ill and was paying dues for death benefits.

The acceptance of the monthly insurance dues for 6 months by Carlson from Phillips was the acceptance of the defendant. The defendant and not the plaintiff must bear the responsibility for the failure of its agent, Carlson, to perform his duty and report to it the fact that Phillips was ill and paying only the required dues for insurance. Defendant cannot be heard to say that its agent, Carlson, did not know that Phillips had not made a formal application for membership in the department. Defendant, charged with knowledge of its agent, knew that plaintiff had not fulfilled the technical requirement of applying for membership in the death benefit department, and, furthermore, if Carlson had performed his duty to his principal, defendant would have been apprised of the situation.

Phillips held a membership card from defendant stating that he was entitled to all the benefits and privileges of the Brotherhood provided that he paid his dues. He did pay his dues. In good faith he tendered the premium for the insurance feature of his lodge for six successive months, which dues were accepted. Palpably, by accepting the premium, defendant led decedent to believe that he would receive the consideration for the payment, that is, the death benefits. The conduct and acts of

defendant lulled Mr. Phillips into a sense of security and contained all of the elements of estoppel.

■ Furthermore, the repeated acceptance of these monthly premiums by defendant waived the technical requirement of an application. In the case of Fahey v. Ancient Order of U. W., 187 Iowa 825, 831, 174 N. W. 650, 652, the insured made belated payments of assessments to the financier of the local lodge. The court stated:

"A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of such relinquishment; and, where conduct is relied upon to constitute a waiver, it must appear that the insured was induced by the association to do or omit some act which he would not otherwise have done or omitted. The financier testified that he made monthly reports and remittances to the proper officer of the Grand Lodge. Though an officer of the subordinate lodge, he was, in collecting and remitting assessments and dues levied for the maintenance of the association, its agent, and it is to be assumed to have been advised of what he did in the discharge of his duties. Trotter v. Grand Lodge, 132 Iowa 513, 109 N. W. 1099, 7 L. R. A. (N. S.) 569, 11 Ann. Cas. 533; Davidson v. Temple of the Supreme Tribe, 135 Iowa 88, 111 N. W. 46; Wood v. Iowa Legion of Honor, 133 Iowa 33, 110 N. W. 164; Conkling v. Knights & Ladies of Security, 183 Iowa 665, 166 N. W. 384." See Clark v. Supreme Council, 200 Iowa 699, 205 N. W. 355.

The case is affirmed.—Affirmed.

MITCHELL, C. J., and SAGER, MILLER, OLIVER, HALE, HAMILTON, and BLISS, JJ., concur.